# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

Affirmed in 424 S.W. 2d
59 (Tex.Civ.App., 1968)

WAGGONER CARR
ATTORNEY GENERAL

December 21, 1965

Mrs. Marie Winters                        Opinion No. C- 572
Commissioner
Firemen's Pension Commission        Re:  Construction of Section
Austin, Texas                                   10A(f), Article 6243(e),
                                                       Vernon's Civil Statutes.

Dear Mrs. Winters:

        In your letter dated September 7, 1965, requesting
an opinion from this office, you submit certain facts which
we quote in part as follows:

        "We are requesting a ruling from your
    office regarding Section 10A(f) of the Fire-
    men's Pension Law providing refund of con-
    tributions.

        "  . . .

        "This particular fireman first started
    participating in the Firemen's Pension System
    February 1, 1949, he resigned March 1, 1949.
    He returned again February 16, 1951 and resigned
    January 22, 1953.  He returned October 17, 1954,
    and resigned October 16, 1957.  No refund was
    made at the time of any of the above resignations
    because it was not permitted by law.

        "This fireman was again employed by a Fire
    Department January 7, 1958, and started participa-
    tion in the Firemen's Pension System.  He resigned
    July 22, 1965.  His period of employment from
    January 7, 1958 to July 22, 1965 was continuous.
    . . ."

        With regard to these facts, you ask the following
question:

        ". . .whether or not this fireman (or
    any other fireman in a like case) is entitled
    to refund of contributions made prior to the
    amendment to the Pension Law permitting re-
    fund."

-2764-

In your second letter dated October 26, 1965, requesting an opinion from this office, you ask a question which also requires a construction of Section 10A(f) of the Firemen's Pension Law. Pursuant to your second request, we are incorporating the following question in this opinion:

"Whether or not refund to firemen who terminate their service is mandatory or must a majority of the participating members vote to adopt refunding and the Board of Trustees approve the adoption of such a program."

In connection with this question, you state that:

"It is the opinion of this office and of our local Pension Boards that this Section means refund is an optional provision and has to be voted into effect in each Department before refund can be made.

"Three of our largest departments; Houston, Amarillo and Corpus Christi are not refunding and many of the smaller paid and part-paid departments."

We will answer your questions in the order in which they are presented.

Section 10A(f) of House Bill 35, Acts of the 58th Legislature, 1963, became effective on August 23, 1963. House Bill 35 amended Section 10A of Article 6243e, Vernon's Civil Statutes.

Section 10A(f), Article 6243e, Vernon's Civil Statutes, provides as follows:

"(f) In the event a fireman terminates, resigns, or leaves the active full-time service of the fire department for any reason other than those for which pension benefits will accrue, and before he receives his twenty (20) year pension certificate not having completed twenty (20) years of active full-time service in the city's fire department, he shall receive an amount equal to the sum total of his monthly payments made while a participating member in the Firemen's Relief and Retirement Fund. However, no lump sum payment shall be made without prior approval by majority vote of the Board of Trustees. The

> adoption of a program to make lump sum payments
> to terminated firemen in the amount of their
> total monthly contributions, subject to approval
> by the Board of Trustees, shall be effective
> upon a majority vote of the participating members
> of the Firemen's Relief and Retirement Fund."

Attorney General's Opinion No. C-153 (1963) holds as follows:

> "Under the provisions of Section 10A(f)
> of House Bill 35 /Section 10A(f), Article
> 6243e, Vernon's Civil Statutes/ a fireman who
> was a participating member in a Firemen's
> Relief and Retirement Fund on August 23, 1963,
> and thereafter terminates, resigns or leaves
> the active full-time service of a fire depart-
> ment for any reason other than those for which
> pension benefits will accrue, is entitled to
> reimbursement of all monthly payments made by
> him, notwithstanding that payments have been
> made prior to August 23, 1963."

> "There is no authority for the retroactive
> reimbursement of monthly payments to firemen who
> were not on full-time service with a fire depart-
> ment having a Relief and Retirement Fund on
> August 23, 1963, even though a fireman may have
> been an active full-time fireman prior to August
> 23, 1963."

While the holding in Attorney General's Opinion No. C-153 (1963) should be clarified in light of the facts submitted, nevertheless we think it is applicable here. Therefore, it is our opinion that under the facts submitted a fireman is entitled to reimbursement of all monthly payments made by him, notwithstanding that payments have been made prior to August 23, 1963. However, he is not entitled to reimbursement of monthly payments made by him during those periods of employment terminated by resignation prior to August 23, 1963.

Passing now to your second question, you are advised that within the above limitations Section 10A(f) of Article 6243e vests those firemen coming within its terms with an absolute right to ". . .receive an amount equal to the sum total of his monthly payments made while a participating member in the Fire-men's Relief and Retirement Fund." The existence of this right is not dependent upon any action of the Board of Trustees or the members of the Firemen's Relief and Retirement Fund. The only

option which this Section authorizes is with respect to the question of whether or not the refund is to be made in a lump sum and may be exercised in one of two ways. (1) A program may be adopted whereby all terminated firemen entitled to a refund are to receive such refund in a lump sum. Such a program may be put into effect by a majority vote of the participating members of the Firemen's Relief and Retirement Fund, if the Board of Trustees approves the action of the majority in adopting such program. (2) In the event no program of lump sum payment has been adopted then the option of making a lump sum payment in each individual case would be left to the decision of a majority vote of the Board of Trustees.

We are not concerned with the wisdom or policy of the statute in this respect. The Legislature has expressed itself in clear and unambiguous language and we must apply and enforce its mandate as it reads without indulging in conjecture as to their intent or resorting to the rules of statutory construction. 53 Tex.Jur.2d 174-175, Statutes, § 123 and cases there cited.

## S U M M A R Y

Under the provisions of Section 10A(f) of House Bill 35 (Section 10A(f), Article 6243e, Vernon's Civil Statutes), a fireman who was a participating member in a Firemen's Relief and Retirement Fund on August 23, 1963, and there-after terminates, resigns or leaves the active full-time service of a fire department for any reason other than those for which pension bene-fits will accrue, is entitled to reimbursement of all monthly payments made by him, notwith-standing that payments have been made during a period prior to August 23, 1963. However, he is not entitled to reimbursement of monthly payments made by him during those periods of employment terminated by resignation prior to August 23, 1963.

Within the foregoing limitations, Section 10A(f) of Article 6243e, Vernon's Civil Statutes, vests those firemen coming within its terms with an absolute right to ". . .receive an amount equal to the sum total of his monthly payments made while a participating member in the Fireman's Relief and Retirement Fund." The only option which rests with the Board of Trustees or the participating members of the Fund is with respect to whether refund of contributions shall be made in a lump sum.

Very truly yours,

WAGGONER CARR
Attorney General

By: *Ivan R. Williams, Jr.*

Ivan R. Williams, Jr.
Assistant

IRWjr:ml:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Malcolm Quick
John Reeves
Phillip Crawford
W. O. Shultz
APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright